IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HEATHER M. SIZEMORE                                                                                    PLAINTIFF

vs.                                           Civil No. 2:23-cv-02014

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                   DEFENDANT

## MEMORANDUM OPINION

Heather Sizemore ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on June 6, 2016. (Tr. 10). In this application, Plaintiff alleges being disabled due to depression, anxiety, hypothyroidism, Hashimoto's Disease, pseudo seizures, insomnia, and Vitamin D deficiency. (Tr. 188). Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 12. These references are to the page number of the transcript itself not the ECF page number.

1

alleges an onset date of April 1, 2010. (Tr. 10). This application was denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 24-48).

Plaintiff's first of three administrative hearings was held on February 8, 2018. (Tr. 24-48). After the first hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 7-23). Thereafter, Plaintiff appealed that decision to this Court, and Plaintiff's case was reversed and remanded. (Tr. 697-698). Plaintiff's second hearing was held on April 19, 2019, and this hearing was held in Fort Smith, Arkansas. (Tr. 645-669). At this second hearing, Plaintiff was present and was represented by David K. Harp. (Tr. 645-669). Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this administrative hearing. *Id.*

On August 27, 2020, after the second administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 620-644). The ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2015. (Tr. 625, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date of April 1, 2010 through her date last insured of December 31, 2015. (Tr. 625, Finding 2).

The ALJ determined Plaintiff had the following severe impairments through her date last insured: dysfunction of a major joint, curvature of the spine, disorder of the thyroid gland except malignant neoplasm, depressive disorder by history, anxiety, panic disorder without agoraphobia, and pseudo seizures. (Tr. 626, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 626-627, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 627-638, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant must avoid concentrated exposure to hazardous machinery and unprotected heights. She is able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment; supervision required is simple, direct and concrete.

*Id.* The ALJ determined Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), on her alleged disability onset date. (Tr. 638, Finding 7). The ALJ determined Plaintiff had at least a high school education. (Tr. 638, Finding 8).

The ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW"). (Tr. 638, Finding 6). Because Plaintiff could not perform her PRW, the ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 638-639). The VE testified at an administrative hearing regarding her ability to perform other occupations. (Tr. 638-639, Finding 10).

Specifically, the VE testified Plaintiff retained the capacity to perform the following light occupations: (1) fast food worker with approximately 2,800,000 such jobs in the nation; (2) cashier II with approximately 2,700,000 such jobs in the nation; (3) sales attendant with approximately 207,000 such jobs in the nation. (Tr. 639). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not under a disability, as defined in the Act, from April 1, 2010 (alleged onset date) through December 31, 2015 (date last insured). (Tr. 639, Finding 11).

Plaintiff again appealed her unfavorable decision to this Court. On August 2, 2021, this Court entered a second remand order. (Tr. 932-940). Specifically, this Court remanded Plaintiff's case for further consideration of the *Polaski* factors. *Id.* After this second remand, the ALJ held a third administrative hearing. (Tr. 883-906). After this third administrative hearing, the ALJ entered a third fully unfavorable decision on November 28, 2022. (Tr. 862-882). In that decision, the ALJ found Plaintiff last met the insured status requirements of the Act on December 31, 2015. (Tr. 867, Finding 1). The ALJ found Plaintiff did not engage in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of April 1, 2010 through her date last insured of December 31, 2015. (Tr. 867, Finding 2).

The ALJ determined that, through her date last insured, Plaintiff had the following severe impairments: dysfunction of a major joint, curvature of the spine, disorder of the thyroid gland except malignant neoplasm, depressive disorder by history, anxiety, panic disorder without agoraphobia, and pseudo seizures. (Tr. 867-868). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 868-870, Finding 4).

The ALJ assessed Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except no ropes, ladders, scaffolds, moving machinery, or unprotected heights, occasional stairs, ramps, balance, crawl, kneel, stoop, or crouch, and; she is limited to simple, routine tasks and can occasionally interact with supervisors, coworkers, and the public and she can respond to supervision that is simple, direct, and concrete.

(Tr. 870-875, Finding 5). The ALJ determined, through her date last insured, Plaintiff was unable to perform any of her PRW. (Tr. 875, Finding 6).

However, once again, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 875-876, finding 10). Based upon this finding, the ALJ again entered a fully unfavorable decision and determined Plaintiff was not under a disability, as defined by the Act, at any time from April 1, 2010 (alleged onset date) through December 31, 2015 (date last insured). (Tr. 876, Finding 11).

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14. Specifically, Plaintiff raises the following three arguments for reversal: (A) the ALJ's RFC finding is inconsistent with the record; (B) the ALJ improperly rejected the opinion of Plaintiff's treating physician; and (C) the ALJ Step Five finding is

erroneous. *Id.* at 1-20. The SSA has responded to Plaintiff's claims and argues there is no basis for reversal. ECF No. 18. The Court will consider all three of these arguments for reversal.[2]

### A. RFC Finding

Plaintiff claims the ALJ did not properly assess her RFC and did not properly incorporate her physical and mental limitations. ECF No. 14 at 11-18. Upon review, the Court finds the ALJ properly based his RFC finding upon the entire record, properly evaluated Plaintiff's subjective complaints, and properly supported his RFC determination with substantial evidence. *Id.*

Indeed, the ALJ adequately accommodated and supported her level of mental limitation in his RFC determination by limiting Plaintiff to simple, routine tasks; occasional interaction with supervisors, coworkers, and the public; and could respond to supervision that is simple, direct, and concrete. (Tr. 870). The ALJ provided substantial evidence to support that determination. For example, the ALJ noted that treatment records from the relevant time period showed Plaintiff's symptoms were typically well-managed with medication and without additional specialized psychiatric care during the period, such as individual therapy and hospitalization. (Tr. 850-51, 868-69, 872, 896-97). Furthermore, treatment notes largely indicated Plaintiff's mood was better, her medications were helping, and she exhibited intact recent and remote memory, intact judgment and insight, and normal mood and affect. (Tr. 334-35, 337, 401-02, 404-05, 407, 410, 413, 871-72).

As for her physical limitations, the ALJ also properly supported that determination by substantial evidence. For instance, during the relevant time period, in imaging studies of her left hip, Plaintiff only had "mild" dysplastic changes. (Tr. 51, 305, 871). Additional imaging in November of 2014 showed irregular appearance of the anterolateral left iliac wing which "may be due to old

---

[2] The Parties do not dispute the relevant time period in this case is from Plaintiff's alleged onset date of April 1, 2010 through December 31, 2015. Thus, the Court will only consider this time period for purposes of this appeal.

trauma or surgery" and evidence of hysterectomy but no additional abnormalities. (Tr. 343, 871). In 2014, her doctor noted Plaintiff "ambulates well." (Tr. 333, 871). Although Plaintiff noted discomfort associated with the hip, she exhibited flexion to 90 degrees; and while external and internal rotation produced groin pain, she exhibited no limitation on external rotation and internal rotation and maintained full range of motion in the right knee without evidence of internal derangement, as well as good motor function in the left lower extremity. (Tr. 333, 871). Her doctor noted similar findings in January of 2015. (Tr. 328-29, 871).

As for her subjective complaints, the ALJ properly discussed Plaintiff's abilities and daily activities, including the following:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with the evidence in the record as a whole. First, the objective medical evidence discussed previously does not support the degree of limitation the claimant alleged. The claimant's date last insured is December 31, 2015, and the treatment notes contain largely benign findings regarding the claimant's functional ability despite the claimant's subjective complaints of pain. The treatment notes, moreover, do not include support that the claimant's medications cause adverse side effects that result in any additional functional limitations. Nor do the treatment notes during the period support a degree of functional limitation that the claimant required regular using of a cane, despite prescribed use for a cane in 2006, or that the claimant engage in alternative treatments such as periodically laying down, elevating her lower extremities, or changing positions between sitting and standing at will. In her Function Reports and testimony, the claimant endorsed the ability to care for her step-daughter and family pets, manage her personal care and grooming tasks with occasional help putting on and removing her socks and shoes, prepare simple meals, perform some household chores, go out alone, drive a vehicle, and shop in stores.

(Tr. 872). Thus, the Court cannot find a basis for reversing the ALJ's RFC assessment.

**B. Treating Physician**

Plaintiff claims the ALJ erred by failing to give the opinions of her treating physician, Dr. Stefanie Frisbie, M.D., controlling weight. ECF No. 14 at 18-19. In his decision, the ALJ assessed Dr. Frisbie's findings as follows:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with the evidence in the record as a whole. First, the objective medical evidence discussed previously does not support the degree of limitation the claimant alleged. The claimant's date last insured is December 31, 2015, and the treatment notes contain largely benign findings regarding the claimant's functional ability despite the claimant's subjective complaints of pain. The treatment notes, moreover, do not include support that the claimant's medications cause adverse side effects that result in any additional functional limitations. Nor do the treatment notes during the period support a degree of functional limitation that the claimant required regular using of a cane, despite prescribed use for a cane in 2006, or that the claimant engage in alternative treatments such as periodically laying down, elevating her lower extremities, or changing positions between sitting and standing at will. In her Function Reports and testimony, the claimant endorsed the ability to care for her step-daughter and family pets, manage her personal care and grooming tasks with occasional help putting on and removing her socks and shoes, prepare simple meals, perform some household chores, go out alone, drive a vehicle, and shop in stores.

(Tr. 873). Upon review, the Court finds no basis for reversal on this issue.

### C. Step Five Determination

Plaintiff claims the ALJ's Step Five Determination is not supported by substantial evidence in the record. ECF No. 14 at 19-20. As outlined above, however, the ALJ's RFC determination is supported by substantial evidence in the record. The VE then testified based upon that RFC determination. Testimony from a vocational expert based upon a properly phrased hypothetical question constitutes substantial evidence supporting the ALJ's decision. *See Milam v. Colvin,* 794 F.3d 978, 985-86 (8th Cir. 2015). Because the ALJ's RFC determination was proper, the hypothetical based upon that RFC determination was also proper, and the ALJ was permitted to rely on the VE's response to that properly-phrased hypothetical.

### 4.     **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment

incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 11th day of September 2023.**

                                                /s/ *Barry A. Bryant*
                                                HON. BARRY A. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE